UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ULYSSES THOMAS, | ) | CASE NO. 5:07 CV 2080 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| DETECTIVE BAIR, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On July 12, 2007, pro se plaintiff Ulysses Thomas filed this action under 42 U.S.C. § 1983 against Alliance City Police Detective Bair, Captain Griffith, Officer Williams, and Sergeant Morris. In the complaint, plaintiff alleges the defendants subjected him to repeated body cavity searches without probable cause and planted evidence which was ultimately used to convict him. He seeks investigation of the officers involved in the searches, and an award of monetary damages.

**Background**

Mr. Thomas alleges he was arrested on January 2, 2006 in an apartment that was not his place of residence. (Compl. at 3.) He indicates that police sent a woman to the apartment to purchase drugs. Mr. Thomas contends he was unaware of the presence of illegal substances in the apartment and believes the woman who came to the apartment may have planted them there. He states he was nevertheless arrested and taken to the Freedom Jail in Alliance, Ohio.

At the jail, Mr. Thomas was subjected to a body cavity search. He claims no drugs were found. He indicates he was required to undergo four more searches until one of the officers claimed to have found a rock of crack cocaine on the floor. He contends that the police are corrupt and planted the cocaine when the repeated body cavity searches failed to yield the results they had anticipated. Stark County criminal case 2005 CR 1942A was filed against Mr. Thomas as a result of the searches.[1] He claims that the defendants violated his Fourth and Eighth Amendment rights.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is

---

[1] The Stark County Court of Common Please docket for Case No. 2005 CR 1942A shows that Mr. Thomas was arrested for the first time on December 14, 2005 and charged in the Alliance Municipal Court with trafficking in cocaine, trafficking in crack cocaine, possession of crack cocaine, having weapons under disability, drug abuse, improperly handling a firearm in a motor vehicle, carrying a concealed weapon, and possession of drug paraphernalia. He was bound over to the Stark County Court of Common Pleas on December 28, 2005 and was arrested for a second time on January 2, 2006 as a result of the bind over. See State v. Thomas, 2005CR1942A (Stark County Ct. Comm. Pl. indictment filed Feb. 6, 2006). Stark County Common Pleas Court dockets can be viewed online at: http://www.starkcjis.org/docket/main.html.

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

dismissed pursuant to §1915(e).

While Mr. Thomas's legal claims are not clearly set forth in his pleading, it appears that he is challenging the sufficiency of the state's probable cause to conduct five body cavity searches, and the reliability of the evidence used to convict him. These claims, however, cannot be set forth in a § 1983 action.

A prisoner may not raise claims under 42 U.S.C. § 1983 if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The holding in Heck applies whether plaintiff seeks injunctive, declaratory or monetary relief. Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). In the present action, Mr. Thomas's claims directly attack the validity of evidence used to support his conviction on two counts of trafficking in cocaine, one count of possession of cocaine, and one count of tampering with evidence. See State v. Thomas, 2005CR1942A (Stark County Ct. Comm. Pl. indictment filed Feb. 6, 2006). In fact, Mr. Thomas entered a guilty plea to the above stated charges and is currently serving a 3 year sentence in an Ohio correctional institution. A determination that the evidence obtained from the searches was planted by police would call into question the propriety of his guilty plea. To assert these claims in a civil rights action, Mr. Thomas must also allege that his conviction has been declared invalid by either an Ohio state court or a federal habeas corpus decision. He has not done so. His claims must therefore be dismissed.

**Conclusion**

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.


Date: October 15, 2007            S/John R. Adams
                                                 JOHN R. ADAMS
                                                 UNITED STATES DISTRICT JUDGE

---

[3]      28 U.S.C. § 1915(a)(3) provides, in pertinent part:

        An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.